FILED
SUPERIOR COURT
OF GUAM

2020 DEC 18 AM 9: 05

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| **PEOPLE OF GUAM,** | ) | **Criminal Case No. CM0659-12** |
| | ) | GPD Report Nos. 12-21902, 12-21813 |
| | ) | 12-21102 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **JOSHUA ANTHONY R. PALACIOS,** | ) | **DECISION AND ORDER** |
| DOB: 04/17/1982 | ) | **GRANTING REVOCATION OF** |
| | ) | **PROBATION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 6, 2020 for Further Proceedings in the above captioned matter related to Joshua Anthony R. Palacios's ("Defendant's") failure to abide by his probationary terms. Defendant is represented by Assistant Public Defender Earl Espiritu and the People of Guam are represented by Assistant Attorney General Sean Brown. During the hearing, the Court revoked the Defendant's probation and now issues this written decision memorializing its ruling.

## BACKGROUND

In July 2012, the Defendant was charged with Theft of Property (As a Misdemeanor) and Criminal Mischief (As a Misdemeanor). (Magistrate's Complaint, Jul. 18, 2012).

The Defendant was placed on one thousand dollars ($1,000.00) personal recognizance bond, and posted this amount to obtain his conditional release from custody as the above-entitled matter awaited trial. (Order and Conditional Release and Appearance Bond, Jul. 25, 2012); (1st Violation Report, Aug. 2, 2013). As a condition of Defendant's pre-trial release on bond, he was to report weekly to the Probation Office. (Order and Conditional Release and Appearance Bond, Jul. 25, 2012). Defendant failed to do so, and a warrant was issued for Defendant's arrest. (1st Violation Report, Aug. 2, 2013); (Warrant of Arrest, Aug. 6, 2013).

The Defendant subsequently pled guilty to Criminal Mischief (As a Misdemeanor), and a judgment was entered imposing the terms of the agreement: forty eight (48) hours incarceration with credit for time served; fine of two hundred fifty dollars ($250) plus court costs of eighty dollars ($80); one hundred eighty (180) hours of community service; full restitution to the 365 Game Room; and a probationary term of one (1) year. (Judgment of Conviction at 2, Aug. 27, 2013). The following relevant conditions of probation were imposed:

> 1) Stay away directly, and indirectly from the business establishment of 365 Game Room and its employees, and do not contact the same by telephone, in writing, via email or other electronic device, or through a third-party, including a family member or friend.
> 2) Undergo and successfully complete a theft prevention program recommended by the Court. Pay the fee for the program.
> 3) Surrender passport and/or other travel documents to the Clerk of Court
> 4) Seek and attempt to maintain full-time legitimate employment
> 5) Report to the Adult Probation Office at least once a month in person, or as ordered by the Court or the Probation Office
> 6) Obey all federal and local laws of Guam
> 7) Abide by any other reasonable conditions imposed by the court or the Adult Probation Office

(Judgment of Conviction at 3, Aug. 27, 2013).

In October 2013, a violation report was filed, stating the Defendant was arrested and charged under CF0518-13 for the following offenses: Burglary to a Vehicle (As a 2nd Degree

Felony); Burglary (As a 2nd Degree Felony); Theft of a Motor Vehicle (As a 2nd Degree Felony) *two counts*; Theft of Property (As a 2nd Degree Felony); Theft of Property (As a Petty Misdemeanor) *two counts*; and Felony Vehicle Identification (As a 3rd Degree Felony) *two counts*. (1st Violation Report, Oct. 24, 2013). Defendant was convicted and sentenced in the new case, and is currently serving seven (7) years confinement. (Informational Report, Oct. 16, 2015). Furthermore, the violation report states the Defendant had failed to pay any of his two hundred fifty dollar ($250) fine, failed to perform any of his one hundred eighty (180) hours of community service; failed to attend the theft prevention program recommended by the court; failed to pay the tuition for said theft prevention program; and still had forty dollars ($40) outstanding in court costs. (1st Violation Report, Oct. 24, 2013).

In September 2014, a second violation report was filed, stating the Defendant failed to pay any of his two hundred fifty dollar ($250) fine, failed to perform any of his one hundred eighty (180) hours of community service; failed to attend the theft prevention program recommended by the court; failed to pay the tuition for said theft prevention program; and still has forty dollars ($40) outstanding in court costs. (2nd Violation Report, Sep. 24, 2014). Defendant was to complete all the above conditions by the September 24, 2014 expiration of his probationary period, and his failure to do so marks another violation of probation. (Judgment of Conviction at 2-3, Aug. 27, 2013); (2nd Violation Report, Sep. 24, 2014).

The Court held a Further Proceedings Hearing on November 6, 2020, in which the Court decided to revoke the Defendant's probation. (Minute Entry, Nov. 6, 2020).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant has continually violated his probation by failing to pay any of his two hundred fifty dollar ($250) fine, failing to perform any of his one hundred eighty (180) hours of community service, failing to attend, complete,

and pay for the theft prevention program recommended to him by the court, and failing to pay off his court costs. (2nd Violation Report, Sep. 24, 2014). Furthermore, Defendant was arrested and convicted for both Burglary (As a Second Degree Felony) and Theft of a Motor Vehicle (As a Second Degree Felony) for conduct during his probationary period. (Informational Report, May 18, 2020).

Having found that Defendant was in violation of her probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant has failed to make any progress in his fines, community service, and theft prevention program. (2nd Violation Report, Sep. 24, 2014). Defendant has also failed to pay the full balance of his court costs (2nd Violation Report, Sep. 24, 2014). Furthermore, Defendant has been convicted of multiple felonies stemming from conduct during his probationary period. (Informational Report, Oct. 19, 2015). Even before his probationary violations, Defendant showed an inability to comply with court orders, failing to complete the initial conditions of his release on bond. (1st Violation Report, Aug. 2, 2013). Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore the court finds that revocation is in the public's best interest and satisfies the ends of justice. 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant, Joshua Anthony R. Palacios's, probation in the above-captioned matter. The Defendant is hereby

**SENTENCED** to one (1) year incarceration at the Department of Corrections, Mangilao, *to be served concurrently with Defendant's conviction in CF0518-13.* Defendant shall be credited for any time already served. After the completion of the Defendant's sentence the Court shall close this case.

**IT IS SO ORDERED** on this November 30, 2020 *nunc pro tunc* to November 6, 2020.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG; PDSC

Date: 12|8|20  Time: 9:45

Deputy Clerk, Superior Court of Guam